## Borger v. Alliance Borough, Appellant.

*Board of health—Quarantine—Supply of food to quarantined houses—Principal and agent—Evidence—Ratification.*

The action of borough authorities may be established by evidence other than their records, but in order to sustain a finding that a subordinate employee of a board of health has authority to bind the borough by a contract for supplies to a quarantined house, the delegation of authority must be shown by some competent evidence. It must be shown that the board of health as a body has acted on the proposition, and evidence as to indefinite remarks made by individual members of the board at different times to the alleged agent is insufficient to warrant the submission to the jury of the question of the delegation of authority by the organized body.

Where a house in a borough is quarantined, the board of health is bound to afford such means of communication with the outer world as will enable the persons quarantined to obtain necessary supplies, and to furnish such supplies in case such persons cannot with reasonable offort obtain the same. The discretion to determine what supplies are reasonably necessary is vested in the board of health. -

The court cannot undertake to declare as matter of law that a borough is bound to furnish and pay for the supplies for all persons, no matter how wealthy they may be, who chance to be inmates of a house in which a case of smallpox has developed, and about which the health authorities have stationed guards to prevent an epidemic. This would take from the board of health the discretion to determine, in the first instance, whether the financial circumstances of those quarantined were such as to require that their food should be paid for out of the public treasury, and after that question has been determined in favor of the maintenance of the individuals at the public expense, it would transfer from the board of health to a jury the discretion to determine what articles were necessary for the proper support of the individuals under the circumstances.

Where a merchant furnishes supplies to several quarantined houses keeping a separate account for the supplies furnished to each house and it appears that the supplies were furnished without any antecedent authority, he cannot recover from the borough unless he shows not only that the board of health acting as a body ratified the sales, but also that it ratified and adopted as its own the purchase of each particular item of the goods in controversy.

Argued Dec. 8, 1904. Appeal, No. 218, Oct. T., 1904, by defendant, from judgment of Northampton Co., June T., 1904, No. 50, on verdict for plaintiff in case of Alfred D. Borger v. Alliance Borough. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Appeal from judgment of justice of the peace.    Before SCHUYLER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $662.66.    Defendant appealed.

*Errors assigned* were various rulings on evidence and portions of charge quoted in the opinion of the Superior Court, and (7) refusal of binding instructions for defendant.

*Russell C. Stewart,* with him *Joseph H. Stofflett,* for appellant. —The municipal corporation being an artificial person and deriving its existence and power to act solely from the express or implied provisions of its charter or other creating statute, it cannot make a valid contract which is wholly beyond the scope of its powers.    Consequently no officer or agent can make a binding contract on behalf of the municipal corporation, if such contract is wholly beyond the express or implied powers of the corporation.    It now seems well-established law that where the contract is properly ultra vires—that is to say, where it is wholly beyond the express or implied powers of the corporation—it is absolutely void, and cannot be ratified by performance or by acceptance of benefit thereunder: Bladen v. Philadelphia, 60 Pa. 464; Addis v. Pittsburg, 85 Pa. 379; Parker v. Philadelphia, 92 Pa. 401; Mathews v. Philadelphia, 93 Pa. 147; Smith v. Scranton, 2 Pa. C. C. Rep. 331; Lehigh County v. Kleckner, 5 W. & S. 181; Close v. Berks County, 2 Woodward's Decisions, 453.

It is not easy to see why persons should be supported at the public expense, when they do not come within the provisions of the poor laws of the commonwealth: Wilson v. Montrose Borough, 12 Pa. Dist. Rep. 754.

*George W. Geiser,* for appellee.—The borough was liable: Rae v. Flint, 51 Mich. 526 (16 N. W. Repr. 887).

A municipality is liable for the acts of the board of health not ultra vires when it is a department of the municipal government: Gregory v. Mayor, etc., of New York, 40 N. Y. 273.

Where a municipal corporation undertakes that which does

not necessarily appertain to the municipality, it must have express power to do so, but the power is implied where it undertakes to do that which is necessary for it: Com. ex rel. Reinboth v. Pittsburg, 41 Pa. 278 ; Williamsport v. Com. ex rel. Bair and Shenk, 84 Pa. 487 ; White v. Borough of McKeesport, 101 Pa. 394.

OPINION BY PORTER, J., July 13, 1905 :

The plaintiff brought this action to recover the value of certain goods alleged to have been furnished by him to the inmates of certain houses in the defendant borough, which had been placed under quarantine by the board of health, during an epidemic of smallpox.   The board of health had been duly appointed and organized under the provisions of the Acts of May 11, 1893, P. L. 44, and June 18, 1895, P. L. 203.   It was admitted at the trial that the plaintiff had during the period that the houses were quarantined furnished to those resident therein the goods in question, but the defendant borough denied all liability therefor.

All the parties to whom the goods were furnished had been customers of the plaintiff, who was a grocer, before the board of health subjected the houses to quarantine regulation, and the plaintiff charged these particular goods to the parties to whom they were respectively delivered, but the parties to whom he thus charged them failed to pay the bills and he now seeks to hold the borough.

The learned judge of the court below, after explaining in his charge the nature of quarantine regulations and the manner in which citizens are thus confined within their residences, charged the jury that it thereupon became the duty of the board of health of a borough to furnish food for the inmates of the house and provide whatever is necessary to support the lives and protect the health of the people thus imprisoned, and then proceeded to direct the jury in the application of this principle to the present case, in doing which he thus states the facts as developed by the evidence : " In the case at bar, under the undisputed evidence, whilst the board of health appointed Mr. Kleppinger to attend to this duty, Mr. Kleppinger did not himself go around and purchase provisions for these parties who were imprisoned.   In that situation, no provision having

been made by the borough for supplying these families with food, the merchants of the borough supplied what was necessary in that direction, and among these merchants is the present plaintiff, Mr. Borger, and he is now before you claiming the amount of a bill which he furnished to a number of families, demanding that it should be paid by the borough of Alliance." Careful consideration of the evidence has convinced us that this statement of facts by the learned judge was correct. The plaintiff did attempt to prove that he had delivered the goods upon the orders of one Nicholas, and that Nicholas had been authorized by the board of health to make the purchases, but the attempt failed. The minutes of the board of health showed no such delegation of authority to Nicholas. The action of the borough authorities may, it is true, be established by evidence other than their records, but in order to sustain a finding that a subordinate employee, such as was Nicholas, of the board of health, has authority to bind the borough by a contract for supplies of this character, the delegation of authority must be shown by some competent evidence. It must be shown that the board of health as a body has acted on the proposition, and evidence as to indefinite remarks made by individual members of the board at different times to the alleged agent is insufficient to warrant the submission to the jury of the question of the delegation of authority by the organized body. The plaintiff was not entitled to recover upon the theory that the goods had been contracted for by an officer authorized to bind the borough.

We do not decide that a borough is in all cases bound to pay for the food consumed by the inmates of a house which has been quarantined, without regard to whether or not such inmates have means to provide for their own maintenance. The board of health is bound to afford such means of communication with the outer world as will enable the persons quarantined to obtain necessary supplies, and to furnish such supplies in case such persons cannot with reasonable effort obtain the same. The discretion to determine what supplies are reasonably necessary is vested in the board of health; whether they may lawfully delegate that discretion to a subordinate officer is a question which we do not now decide, but the evidence in this case was certainly insufficient to warrant a finding that the board of

health of the borough of Alliance had delegated such authority to Nicholas.

Having thus, very properly, withdrawn from the consideration of the jury any question of a contract relation between the plaintiff and the borough, the learned judge proceeded to submit to the jury the question of the liability of the defendant to pay for supplies which no one authorized to represent the borough had ever bought. The court charged the jury, in the language which is the subject of the fourteenth specification of error, as follows : " I have already said to you that it was the duty primarily of the borough to have purchased these articles through its own agents, but I have also said this they did not do ; and I instruct you that under these circumstances that these merchants had a right to furnish the articles that were necessary under the circumstances." This was clearly erroneous. The court undertook to declare as matter of law that a borough is bound to furnish and pay for the supplies for all persons, no matter how wealthy they may be, who chance to be inmates of a house in which a case of smallpox has developed, and about which the health authorities have stationed guards to prevent an epidemic. This would take from the board of health the discretion to determine, in the first instance, whether the financial circumstances of those quarantined were such as to require that their food should be paid for out of the public treasury, and after that question has been determined in favor of the maintenance of the individuals at the public expense, it would transfer from the board of health to a jury the discretion to determine what articles were necessary for the proper support of the individuals under the circumstances. Let it be assumed that it was the duty of the borough authorities to furnish the necessary supplies ; in case of their failure to do so the law furnishes a remedy for that default, but it does not authorize enterprising merchants, who may desire to retain profitable customers after the epidemic has passed to undertake the discharge of the public duty at the public expense.

The learned judge again fell into error when he said to the jury : " I say to you that under the undisputed evidence that even if Mr. Borger did not have a right originally to furnish these articles to the different families that were quarantined, that the undisputed evidence shows that the board of health

subsequently ratified his act, and that being so it leaves a single question for your determination and that is whether the articles furnished were necessary or not." We have carefully read the evidence, and find that all that has even the remotest reference to ratification by the board of health is oral, and therefore the fact of ratification must have been for the jury and not for the court, even if there had been evidence which raised that question. The grounds upon which the learned judge based his ruling that the board of health must be held to have ratified the furnishing of the goods in question is stated in another part of the charge : " It is also in evidence before you that this very plaintiff had furnished large quantities of groceries and other articles to the different persons who were imprisoned under the order of quarantine, and that three members of the board of health called upon him with reference to the bill for the articles that he had thus furnished. The board of health consisted of five members. Three of these members called upon Mr. Borger and objected, not that the bill had been contracted without their authority, nor did they object to the whole of the bill, but they selected out of the items such as they believed to be unnecessary." The learned judge lost sight of the dominating facts in the case. The plaintiff had without the authority of the board of health furnished supplies upon the orders of different persons who were quarantined. The circumstances under which the goods were furnished gave him no claim against the borough. What the board of health might have authorized they were vested with a discretion to ratify. The burden was upon the plaintiff to show that they had ratified the sales of these particular goods, upon the credit of the borough. The sale had been made by the plaintiff to different persons, each account was separate and distinct, and each item in the bills of the several parties constituted a distinct transaction. The board of health was not bound to ratify any of the transactions. It might in its discretion determine that the claim for goods furnished to one individual had merit and should be paid, and at the same time decline to place the burden of any other claim upon the public ; it might be convinced that one item in any particular bill was just, but that all others therein should be repudiated. The plaintiff would in no case be entitled to recover for any item as to which he had not

shown ratification.   There is no evidence in the case that the three members of the board which consisted of five members, were pretending to act in their organized capacity at the time referred to by the learned judge in his charge.   The other two members had an equal right to be heard upon the question, and have it discussed at a meeting of the board.   But even if the three members were acting as a board, there was not a scin-- tilla of evidence that they ever ratified the purchase of any item for which the plaintiff now seeks to recover.   We do not consider it necessary to pass upon the question whether the board of health might have ratified and adopted as its own the purchase of the goods in controversy, under the circumstances here presented, but we do hold that there was not sufficient evidence of ratification as to the items in dispute.

The plaintiff having failed to furnish evidence which would have warranted a finding that the goods had been ordered by any person having authority to bind the borough, or that the purchase had been ratified by the board of health, the eighth point submitted by the defendant ought to have been affirmed, and the seventh specification of error is sustained.

The judgment is reversed.

SMITH, J., dissents.